## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent Cyril Pereira, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF"). I am empowered to investigate and make arrests for the offenses set forth in 18 U.S.C. § 2516. As such, I am an "Investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7).

2. I previously worked as a Customs and Border Protection Officer assigned to the Tactical Terrorism Response Team at John F. Kennedy International Airport from 2011 to 2018. My duties included, but were not limited to, coordinating efforts with the Joint Terrorism Task Force to conduct interviews of terror suspects, and known members of the Terrorist Watchlist as they traveled internationally.

3. I am currently assigned to the ATF Puerto Rico Group II Field Office in the Miami Field Division and have been so employed since October 2018. As a Special Agent with the ATF, I conduct criminal investigations concerning the alleged violations of Federal laws and violent crimes. In this capacity, I have been involved in the investigations of multiple cases. Through training, investigations, and experience, I have taken part in cases relating to the trafficking of firearms, the use and possession of firearms by persons prohibited by law, and the possession of illegal firearms. I also have extensive experience in narcotics investigations being cross-designated in the past with the Drug Enforcement Administration while running a Title III

1

narcotics investigation.   I am familiar and have participated in various methods of investigations, including, but not limited to: electronic surveillance, physical surveillance, interviewing and general questioning of witnesses, use of confidential informants, use of cooperating witnesses, and use of toll records and subscribers information.   I possess a bachelor's degree in Criminal justice and a master's degree in Public Administration.

4. The details and information stated herein are based on my training, experience, and personal knowledge and compilation of facts and events investigated by me and other Law Enforcement Officers who investigated and confirmed their veracity or oversaw their development. I have drafted this affidavit for the limited purpose of establishing probable cause that Mario ORTIZ-COLON Title 18, United States Code, Section 924(c)(1)(B)(ii) (possession of a  machinegun in furtherance of drug trafficking), Title 21, United States Code, Section 841(a)(1) (possession with the intent to distribute)(Cocaine), Title 18, United States Code, Section 922(o)  (possession of a machine gun), and Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon). Therefore, I have not included all the facts of this investigation.

**FACTS SUPPORTING PROBABLE CAUSE**

5. According to the Puerto Rico Police Department (PRPD), the PRPD Domestic Violence Unit received a complaint from the ex-domestic partner of Mario ORTIZ-COLON on April 6, 2026, stating that ORTIZ-COLON threatened her with a firearm due to a dispute over their children. According to the Puerto Rico Police Department (PRPD), on April 6, 2026, at approximately 5:30 P.M. the PRPD Domestic Violence Unit contacted the PRPD Guyama Intelligence and Special Arrest Unit for assistance with effecting a probable cause arrest of Mario ORTIZ-COLON at his residence.

2

6. Subsequently, PRPD Agents from the Homicide Unit, Intelligence and Arrest Unit and Domestic Violence Unit arrived at the residence of ORTIZ-COLON located at Road 3, Kilometer 154.8, Guyama, Puerto Rico.  While PRPD officers were converging on ORTIZ-COLON's residence, they observed ORTIZ-COLON at the doorway of his residence with keys in his hand.  The PRPD Agents announced their presence and purpose for being at ORTIZ-COLON's residence.  Once they did, ORTIZ-COLON was observed running further into his residence.  PRPD Agents pursued ORTIZ-COLON into his residence and placed him under arrest.

7. While pursuing ORTIZ-COLON into his residence, PRPD Agents observed an AK-47- Styled pistol, later identified as a Romarm Cugir, Mini Draco, 7.62x39mm caliber pistol, which was painted with an aftermarket paint, making the serial number unidentifiable.  The Mini Draco pistol was observed on top of a table, in plain view, inside the living room of the residence.

8. Once, ORTIZ-COLON was secured and placed in restraints in his residence, PRPD Agents heard a noise coming from the kitchen.  After conducting a protective sweep of the residence, PRPD agents encountered an individual by the name of Jorge Cabrera De Jesus in the residence. Both individuals were placed under arrest.

9. Once both individuals were placed under arrest, PRPD Agents observed a black bag on the table, beside the Mini Draco pistol.  According to the PRPD, the black bag was open and based on their training and experience, they observed what appeared to be rifle magazines inside the bag.  PRPD's Technical Services Unit was utilized to photograph the suspected evidence. PRPD agents then searched the bag and discovered eight (8) rifle magazines loaded with 7.62x39 and 223/556 caliber ammunition.

10. While securing the evidence encountered on the table, a PRPD Agent accidentally stepped on a plastic bag, on the floor next to the table.  Based on the PRPD Agent's training and experience, the feel and sound of the bag, when he stepped on it, resembled what he observed to be firearms magazines and ammunition.  PRPD Agents then searched the plastic bag and discovered five (5) pistol magazines, two (2) pistol drum magazines, one (1) round of 10mm ammunition, fifty-six (56) rounds of .223/556 Caliber ammunition, forty-four (44) rounds of 7.62X39 caliber ammunition, two (2) cellular phones, one (1) suspected drug scale, one (1) face-mask, one (1) pair of white gloves, one (1) pair of black gloves, three (3) bags of suspected Cocaine and a black in color, Glock, Model 23, .40 caliber pistol, bearing serial number BVLB439 loaded with fifteen (15) rounds of .40 caliber ammunition and one (1) round of .40 caliber ammunition in the chamber.  The Glock, Model 23 Pistol also had what appeared to be an internal machine gun conversion device welded to the rear of the slide of the firearm.  The below image depicts the evidence seized by PRPD from ORTIZ-COLON's residence.



11.    While being prepared to be transported to the PRPD Precinct in Guyama, ORTIZ-COLON spontaneously uttered to the PRPD that both firearms are his and he knows that he is in big trouble, because both firearms are machineguns. ORTIZ-COLON stated that he does not mind losing the Mini Draco because he has seven (7) more. ORTIZ-COLON stated that the PRPD saved a life today which PRPD interpreted as ORTIZ-COLON was preparing to kill someone that day. ORTIZ-COLON stated that if PRPD arrived at his residence one (1) hour later than they did, they would have encountered a kilogram of Cocaine because he was expecting someone to deliver it to his residence.

12.    ORTIZ-COLON was then transported to the PRPD Precinct in Guyama and was Mirandized. ORTIZ-COLON waived his rights and provided a written statement to the PRPD taking ownership of the firearms and ammunition which was seized from his residence.

13. On April 7, 2026, at approximately 12: 30 P.M. Bureau of Alcohol Tobacco Firearms and Explosives (ATF) Task Force Officers (TFOs) arrived at the PRPD Precinct in Guyama. ATF TFOs conducted a preliminary function test on the two firearms that were seized from ORTIZ-COLON's residence which field tested positive for the potential to fire more than one round of ammunition with the single function of a trigger. The firearms will be sent to the ATF laboratory for formal machinegun analysis.

14. ATF TFOs re-mirandized ORTIZ-COLON, who again, waived his rights and consented to speak with the ATF TFOs. During the interview with the ATF TFOs, which was audio recorded, ORTIZ-COLON stated that he is a welder and that he welded the machinegun conversion devices on both of the firearms seized from his residence. ORTIZ-COLON stated that he has previously tested both firearms and stated that they both function as machineguns. ORTIZ-COLON stated that "God knows what he is doing" because he explained that he was about to do something crazy if the police did not intervene with him on April 6, 2026. ORTIZ-COLON stated he purchased the Glock 23 for $1,000.00 USD and the Mini Draco for $2,000.00 USD. ORTIZ-COLON sated that the suspected Cocaine seized form his residence is a "cutting" agent and that he operates a drug point in Mosquito Ward in Guyama, PR where he distributes Cocaine. ORTIZ-COLON stated that he is currently on state probation for firearms violations and that he is aware of the fact he is not allowed to possess firearms.

15. PRPD conducted a field test on the suspected Cocaine, seized from ORTIZ-COLON's residence and yielded a positive result for the presence of Cocaine.

16. The investigation further revealed that no firearms are manufactured in the commonwealth of Puerto Rico. Therefore, the aforementioned firearms were shipped or transported in interstate or foreign commerce.

17.     According to court documents, ORTIZ-COLON was previously convicted of a crime punishable by imprisonment for a term exceeding one year.

**CONCLUSION**

18.     Based on the above facts, I respectfully submit there is probable cause to believe that Mario ORTIZ-COLON Violated Title 18, United States Code, Section 924(c)(1)(B)(ii) (possession of a Machinegun  in furtherance of drug trafficking), Title 21, United States Code, Section 841(a)(1) (possession with the intent to distribute)(cocaine), Title 18, United States Code, Section 922(o)  (possession of a machine gun), and Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon).


I hereby declare, under penalty of perjury, that the information contained in this Affidavit is known to be true and correct to best of my knowledge.


CYRIL PEREIRA  Digitally signed by CYRIL PEREIRA
Date: 2026.04.08 09:35:43 -04'00'

_____

Cyril X. Pereria
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives


Sworn before me pursuant to FRCP 4.1 at _10:50 AM_ by telephone, this
8th day of April, 2026,

_____
Hon. Marcos E. López
United States Magistrate Judge
United States District Court
District of Puerto Rico


8